IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD AARON, M.D., *Plaintiff,* v. STATE FARM FIRE AND CASUALTY COMPANY, *Defendant*. | CIVIL ACTION No. 17-2606 |

**PAPPERT, J.**                                                                                              August 14, 2017

<u>**MEMORANDUM**</u>

A storm severely damaged Dr. Todd Aaron's home. After a disagreement between Aaron and his insurer, State Farm, over the cost to repair the home, he filed suit in the Montgomery County Court of Common Pleas on April 13, 2017. Aaron asserted claims for breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty and statutory bad faith. State Farm removed the case to federal court and filed a Motion to Dismiss and Strike portions of Aaron's Complaint. For the following reasons, the Court grants the motion in part and denies it in part.

**I.**

On July 23, 2016, a severe rain and wind storm damaged multiple trees on Aaron's property. (Compl. ¶¶ 9–10, ECF No. 6-4.) A tree in the front yard fell through the roof of Aaron's home, exposing the master bedroom. Aaron's in-ground pool and equipment, air conditioning system and car were also damaged in the storm. (*Id.* ¶ 11.) The damage forced Aaron to live in a hotel for two months and then later in temporary rental housing. (*Id.* ¶¶ 12 & 14.)

On August 5, 2016, State Farm sent its agent, Gary Popolizio, to inspect the home. (*Id.* ¶ 16.) He estimated the cost of repairs at $119,11.16 actual cash value and $131,185.96 replacement cost value. (*Id.*) Popolizio's estimate did not consider potential structural damage to the home. (*Id.* ¶ 19.) State Farm paid Aaron $119,111.16 which Aaron deposited into an escrow account on October 12, 2016. (*Id.* ¶ 16.) Aaron obtained three different estimates of repair, but no contractor would agree to repair the home for $119,11.16. (*Id.* ¶¶ 20–21.) One estimator said the necessary repairs would cost $288,614.29. (*Id.* ¶ 22.) After Aaron complained to State Farm, Popolizio performed two additional inspections, eventually increasing his estimate to $128,778.67 actual cash value and $141,166.41 replacement cost value. (*Id.* ¶¶ 31 & 35.)

On December 12, 2016, State Farm told Aaron it would cease paying relocation expenses in March of 2017 because it had determined that the home repairs should be complete within four months of State Farm paying Aaron actual cash value. (*Id.* ¶ 49.) State Farm wrote Aaron again on March 14, 2017, explaining that the payments would end on April 12, 2017. (*Id.* ¶ 52.)

## II.

### A.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)." *Id.* (citation omitted). While a complaint need not include detailed facts, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

*Twombly* and *Iqbal* require the Court to take three steps to determine whether the second amended complaint will survive Defendants' motion to dismiss. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, it must "take note of the elements the plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Next, it must identify the allegations that are no more than legal conclusions and thus "not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, where the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

This plausibility standard, however, "does not impose a heightened pleading requirement" and does not require a plaintiff to plead specific facts. *Id.* In other words, "courts cannot inject evidentiary issues into the plausibility determination." *Id.* The Third Circuit has also made it clear that "at least for purposes of pleading sufficiency, a

3

complaint need not establish a *prima facie* case in order to survive a motion to dismiss" because a "prima facie case is an evidentiary standard, not a pleading requirement and hence is not proper measure of whether a complaint fails to state a claim." *Connelly*, 809 F.3d at 789 (internal quotations and citations omitted). Instead, a plaintiff should plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Id.* (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)).

## B.

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." FED. R. CIV. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Simmons v. Simpson House, Inc.*, 224 F. Supp. 3d 406, 421 (E.D. Pa. 2016) (quotation and citation omitted). "Relief under Rule 12(f) is generally disfavored and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Id.* (quotation and citation omitted).

## III.

### A.

State Farm first asks the Court to strike the reference to punitive damages in Counts I and II. (Mot., at 2, ECF No. 6.) Punitive damages are not recoverable under a common law breach of contract claim. *See McShea v. City of Philadelphia*, 995 A.2d 334, 340 n.5 (Pa. 2010) ("Punitive damages are awarded in tort actions, not for breach of contract."); *Ash v. Continental Ins. Co.*, 932 A.2d 877, 881 (Pa. 2007) ("The law in

4

Pennsylvania has always been that punitive damages cannot be recovered for breach of contract." (citation and quotation omitted)); *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 147 (3d Cir. 2000); *cf. Barnes v. Gorman*, 536 U.S. 181, 187 (2002).[1] The Court will strike references to punitive damages in Counts I and II.[2]

**B.**

State Farm next contends that the claims in Count II for breach of the covenant of good faith and fair dealing and for breach of a fiduciary duty should be dismissed because Pennsylvania does not recognize this separate cause of action where a breach of contract claim is already alleged. (Mot., at 3.) State Farm is mostly correct. "Under Pennsylvania law, a claim for breach of the implied covenant of good faith and fair dealing is subsumed in a breach of contract claim." *Davis v. Wells Fargo*, 824 F.3d 333, 352 (3d Cir. 2016) (quotation and citation omitted). Thus to the extent Aaron attempts to bring a claim for breach of the covenant of good faith and fair dealing, it is dismissed with prejudice.

Count II, however, also purports to bring a claim for breach of fiduciary duty. In Pennsylvania, a fiduciary duty is the "highest duty implied by law" and exists either as a matter of law in specific types of relationships (*e.g.*, attorney-client, guardian-ward) or

---

[1] Aaron conflates statutory claims brought under Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371, with common law breach of contract claims. After conceding that common law breach of contract actions "normally do not permit claims for punitive damages," Aaron relies on Pennsylvania's bad faith statute to argue that the General Assembly specifically allowed punitive damages in "*this* kind" of breach of contract action. (Resp., at 3.)

The General Assembly did provide for punitive damages in *statutory* bad faith claims—the claim Aaron brought in Count III. But the General Assembly, in enacting the bad faith statute, did not disturb common law breach of contract claims. *See Birth Center v. St. Paul Co., Inc.*, 787 A.2d 376, 386 (Pa. 2001) (explaining that the bad faith statute "does not reference the common law, does not explicitly reject it, and the application of the statute is not inconsistent with the common law").

[2] Punitive damages are recoverable in claims for breach of fiduciary duty, which Aaron also brings in Count II. *See Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 773 (Pa. 2005). Aaron, however, has failed to state a claim for breach of fiduciary duty. *See infra* Section III.B.

5

where equity compels the court to recognize its existence. *Yenchi v. Ameriprise Financial, Inc.*, 161 A.3d 811, 820 (Pa. 2017). To qualify under the latter category, "the relative position of the parties" must be that "one has the power and means to take advantage of, or exercise undue influence over, the other." *Id.* "The critical question is whether the relationship goes beyond mere reliance on superior skill, and into a relationship characterized by overmastering influence on one side or weakness, dependence, or trust, justifiably reposed on the other side which results in the effective ceding of control over decision-making by the party whose property is being taken." *Id.* at 823 (emphasis removed). "A fiduciary duty may arise in the context of consumer transactions only if one party cedes decision-making control to the other party." *Id.* (emphasis removed).

"Typically, the purchase of insurance is considered an arm's-length transaction, in which the insurer incurs no fiduciary duty apart from those that may be defined in the contract for insurance," *Dixon v. Northwestern Mutual*, 146 A.3d 780, 787 (Pa. Super. Ct. 2016); *see also Conquest v. WMC Mortgage Corp.*, ___ F. Supp. ___ 3d, No. 16-3604, 2017 WL 1177106, at *10 (E.D. Pa. Mar. 30, 2017) (explaining that "Pennsylvania law ordinarily does not recognize the existence of a fiduciary duty arising in a first-party insurance claim"). The insurer-insured relationship is therefore not a fiduciary one as a matter of law and may only be considered one in certain scenarios that satisfy the above requirements.

For Aaron to state a claim for breach of fiduciary duty, he must plead facts that plausibly allege State Farm owed him such a duty because it exercised undue influence resulting in his ceding decisionmaking control to State Farm. *See Yenchi*, 161 A.3d at

6

820. Aaron has not done this and this claim is dismissed without prejudice.

**C.**

Next, State Farm moves to strike references to attorneys' fees in Counts I and II. Under the "American Rule," parties are ordinarily responsible for their own attorneys' fees, regardless of the outcome. *See generally Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015). The Supreme Court of Pennsylvania has "consistently followed" this rule. *Merlino v. Delaware County*, 728 A.2d 949, 951 (Pa. 1999). "[T]here can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception." *Id.* (citing *Chatham Communications, Inc. v. General Press Corp.*, 344 A.2d 837, 842 (Pa. 1975)). Aaron does not point to any exception that applies to Counts I or II. As he did in the discussion on punitive damages, Aaron conflates the statutory bad faith claim (which does provide for attorneys' fees) with a common law breach of contract claim (which does not). The Court will strike the attorneys' fees references.

**D.**

State Farm also objects to Aaron's attempt to recover interest at the prime rate plus three percent in Counts I and II. (Mot., at 6.) State Farm explains that this is a statutory recovery prescribed in the bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371(1), not a recovery available in the common law causes of action brought in Counts I and II. The Court agrees and will strike these references from Counts I and II.[3]

**E.**

State Farm also contends that Aaron's lost past and future earnings in Counts I

---

[3] Again, Aaron conflates the statutory bad faith claim (which does provide for interest at the prime rate plus three percent) with a common law breach of contract claim (which does not).

and II should be dismissed because the Complaint fails to allege sufficient facts to establish that Aaron's lost earnings were caused by the alleged breach of contract. (Mot., at 7.) Aaron correctly suggests that this is "a matter of proof, not pleadings." (Resp., at 7.)

As an initial matter, it remains unclear whether State Farm seeks to strike references to lost earnings or seeks to dismiss a "claim" for lost earnings. *See* (Mot., at 8 ("[R]eferences to and claims for lost earnings in Counts I and II should be stricken and dismissed.").) This request fails to satisfy Rule 12(f), as details about Aaron's damages undoubtedly relate to his claim for breach of contract and, if proven, will be material to damages calculations. References to such damages are thus not "immaterial, impertinent or scandalous." FED. R. CIV. P. 12(f).

State Farm's attempt to dismiss Aaron's claim for damages is similarly unsuccessful. Aaron does not assert an independent claim for lost earnings. Rather, within his breach of contract claim, Aaron demands relief which includes lost earnings. State Farm does not object to the claim for breach of contract—it implicitly concedes that Aaron *has* stated a claim for breach of contract. FED. R. CIV. P. 12(b)(6).

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and then "a demand for the relief sought." FED. R. CIV. P. 8(a). It does not impose a heightened pleading requirement. *See Schuchardt*, 839 F.3d at 347. Indeed, Rule 8 "continues to require only a 'showing' that the pleader is entitled to relief." *Id.* Disputes over the factual basis for Aaron's damages should be resolved later in the litigation, not in a motion to dismiss.[4] State Farm's motion to strike and

---

[4] This is different than the Court's discussion of punitive damages above, where—as a matter of law—those damages are not recoverable.

dismiss references to Aaron's lost earnings is denied.

**F.**

State Farm also moves to strike and dismiss references and damage claims related to Aaron's motor vehicle. For the same reasons discussed in Section III.E, the Court declines to do so.

**G.**

Finally, State Farm moves to strike and dismiss Aaron's references to "expert witness fees" in Count III. Count III asserts a claim under Pennsylvania's bad faith statute. The statute provides specific remedies, including (1) interest plus three percent; (2) punitive damages and (3) attorneys' fees and costs. 42 Pa. Cons. Stat. Ann. § 8371. State Farm contends that because the statute does not provide for expert witness fees, this reference should be stricken. (Mot., at 8.) Despite acknowledging explicit Pennsylvania case law to the contrary, Aaron contends that expert fees are included among "attorneys' fees and costs." (Resp., at 11.)

In *Grossi v. Travelers Personal Insurance Company*, the Superior Court of Pennsylvania held that "the plain language of section 8371 does not permit recovery of expert witness fees in an award of 'court costs.'" 79 A.3d 1141, 1162 (Pa. Super. Ct. 2013). Aaron does not point to any contrary authority. The Court will strike the reference to expert fees from Count III.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
